UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 AUG 26  A 9: 35
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | No. 3:02CR95 (AHN) |
| EVERETT CRAIG THOMPSON | : | AUGUST 25, 2005 |

### GOVERNMENT'S RESPONSE TO CROSBY REMAND

On July 27, 2005, pursuant to the June 8, 2005 limited remand of this case by the Second Circuit, the Court notified counsel of its intention to "consider whether it would have imposed a materially different sentence if the Sentencing Guidelines had been advisory." The Court further ordered that counsel simultaneously submit, in writing, their position regarding this issue by August 18, 2005. The Court, thereafter, granted the Government's motion for an extension of time in which to file its response. The Government respectfully submits this memorandum in response to the Court's order.

**I.   Procedural History**

On January 7, 2003, the defendant was convicted of Conspiring to Possess with Intent to Distribute Cocaine Base, in violation of Title 21, U.S.C. § 846. This Court sentenced the defendant to a term of imprisonment of 130 months, and entered judgment on March 30, 2004. The defendant filed a timely notice of appeal. On June 8, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2003), and the Court of Appeals' decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

II.   **Purpose of Crosby Remand**

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at 765-66.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, 397 F.3d at 117. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id.*

III.  **Argument**

**There is no compelling reason to re-sentence in this case.**

The government has obtained a transcript of the sentencing hearing held on March 30, 2004. A review of the sentencing hearing transcript makes clear that the Court was "troubled" by the

2

guideline range to which the defendant was exposed. *See* March 30, 2004 Sentencing Transcript ("Tr.") at 7. A further review of the transcript indicates that the Court was able to fashion a sentence which avoided the imposition of an "excessive sentence" and allowed the Court to impose a sentence it believed was appropriate and fair. See Tr. at 13. The Court, in essence, allowed the defendant to avoid a guideline range of 235 to 240 months and found that the appropriate sentencing range was 151 to 188 months. In addition, after counsel and the defendant addressed the Court, the Court found that an additional two level reduction was warranted, resulting in a guideline range of 130 to 162 months. *See* Tr. at 29-30. The Court, after considering all of the defendant's claims, imposed a sentence at the bottom of the adjusted guideline range and sentenced the defendant to 130 months imprisonment.

A review of the sentencing transcript establishes that the Court properly determined the defendant's guideline range and was able to do so in a manner which allowed the Court to impose a sentence which avoided what the Court recognized and labeled as an "excessive sentence." There were no factors raised by the defendant which were not properly considered by the Court, the Court was able to arrive at a sentencing range which it deemed fair and just, and defendant received a sentence which was substantially less then his guidelines originally called for. Based on the above, the Government would respectfully suggest that the Court would not have imposed a materially different sentence if the Sentencing Guidelines had been advisory.

## IV.  Conclusion

For the foregoing reasons, in conformity with the procedures outlined in *Crosby*, this Court should indicate, for the record, that after consideration of the defendant's Guidelines range and all of the factors listed in 18 U.S.C. § 3553(a), the defendant should not be re-sentenced.

Respectfully Submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PETER D. MARKLE
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510
(203) 821-3700
Federal Bar # ct05098

4

## CERTIFICATION

This is to certify that a copy of the foregoing Government's Response To Crosby Remand was sent this 25th day of August, 2005, via first class mail, postage pre-paid to:

Jonathan Einhorn, Esq,
412 Orange Street
New Haven, Connecticut 06511

_____
PETER D. MARKLE
ASSISTANT U.S. ATTORNEY

5