UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA            CRIM NO. 3:02CR95(AHN)

VS.

EVERETT CRAIG THOMPSON           SEPTEMBER 14, 2005

## DEFENDANT'S MEMORANDUM IN SUPPORT OF CROSBY REMAND AND RESENTENCING

This matter has been remanded to the District Court by mandate dated June 8, 2005, to determine whether or not it is appropriate to resentence Everett Craig Thompson, if the Court would have imposed a materially different sentence if the Sentencing Guidelines had been advisory.

### I. PROCEDURAL HISTORY

On January 7, 2003 the Defendant pled guilty of conspiracy to possess with intent to distribute narcotics in violation of 21 USC §846. He was sentenced on March 30, 2004 to a term of incarceration of 130 months. The Defendant filed a timely notice of appeal. Thereafter in light of the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct 738 (2003), and the Court of Appeals' decision in <u>United States vs. Crosby</u>, 397 F.3rd 103 (2nd Cir. 2005) this remand was ordered.

### II. ARGUMENT

This is a Defendant with an extremely minor and short time involvement in the Brewer drug organization. Essentially, he was in New Haven for only three weeks during which time he slept on the Brewer's living room couch. He had known the family since he was a child. Charles Brewer III and Kevin Cunningham lived in the house but kept their doors locked and kept their drug business to themselves. Unfortunately the defendant was

1

found on telephone intercepts as assisting in one or more drug transactions. On several occasions he sold drove Cunningham who was selling drugs. (Cunningham did not have a driver's license). For these menial services, Thompson received no payment whatsoever.

Unfortunately for him, however, he had a significant criminal history which impacted him severely under the Guidelines. That criminal history seriously extended his sentence between what might have been applied under a non-Guidelines scenario.

The defendant was sentenced to a term of 130 months after the Court fashioned a sentence with several Guideline departures. Nonetheless, the Court was still constrained to act within the Guidelines at that time.

Considering the Defendant's minimal role in the offense (both in time and extent), and the fact that he was so peripheral that he was never even paid for his "involvement" in the conspiracy, a materially different sentence than 130 months ought to be imposed. The defendant would also ask the court to compare his sentence with other, more culpable, members of the Brewer organization.

While a re-sentencing is not mandatory under *Booker*, supra, the facts indicate that 130 months is excessive under all of the pertinent circumstances for this minor-role defendant bearing the baggage of an overwhelming prior criminal history.

Defendant Everett Craig Thompson requests that he be resentenced on remand to a lesser term of incarceration.

THE DEFENDANT
EVERETT CRAIG THOMPSON


BY_____
JONATHAN J. EINHORN, ESQ.
412 ORANGE STREET
NEW HAVEN, CT 06511
203-777-3777/FED BAR ct 00163

2

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing was mailed; postage prepaid this 14th day of September, 2005 to the following:

Peter D. Markle, Esq.
U.S. Attorney's Office
157 Church Street
New Haven, CT  06510

_____
JONATHAN J. EINHORN