UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:02-cr-00095-AHN-3 |
| vs. | |
| EVERETT C. THOMPSON, | |
| Defendant. | December 19, 2005 |

### DEFENDANT THOMPSON'S MOTION TO RELIEVE COUNSEL AND FOR APPOINTMENT OF NEW COUNSEL FOR APPEAL

Everett C. Thompson, defendant *pro se*, respectfully moves to relieve his current appointed counsel, Mr. Jonathan J. Einhorn, and further moves for appointment of new counsel for appeal. In support, defendant submits the following:

1. On March 30, 2003 defendant Thompson was sentenced by this Court to 130 months imprisonment pursuant to his plea of guilty on January 7, 2003. Defendant Thompson was represented by appointed counsel (Mr. Jonathan J. Einhorn) for plea and sentencing. Attorney Einhorn's appointment was extended for purposes of appeal.

2. On numerous occasions since the time of sentencing, defendant Thompson has requested in writing, telephonically, and by third-party communication through his family to Mr. Einhorn, that Mr. Einhorn provide defendant Thompson with copies of his plea agreement, change of plea transcript, and sentencing transcript. Attorney Einhorn has failed to so provide the requested documents/transcripts.

3. By order dated June 8, 2005, the United States Court of Appeals for the Second Circuit remanded this case back to this

Court for consideration on whether defendant Thompson should be re-sentenced pursuant to United States v. Crosby, 397 F.3d 1003 (2d Cir. 2005). Since the time of that order defendant Thompson has continued to seek the above noted documents/transcripts from Mr. Einhorn to enable defendant to prepare a memorandum expressing to counsel why he should be re-sentenced, and why the record supports a re-sentencing. Attorney Einhorn has still failed to provide the requested documents.

4. Defendant Thompson further requested that Mr. Einhorn provide him with copies of any filings he intended to submit to the Court in support of a re-sentencing. Nothing has been received by defendant in that regard.

5. On or about November 19, 2005, defendant Thompson was notified by Mr. Einhorn that a hearing was held by this Court on November 16, 2005, for a determination as to whether or not it would re-sentence defendant Thompson. Because defendant was not even aware that a hearing was scheduled, he has no idea what transpired during the November 16, 2005 hearing.

6. Mr. Einhorn did not submit a brief to the appellate court on defendant's behalf. Indeed, the only reason the case was even remanded under Crosby is because the government indicated to the Court of Appeals that the case should be remanded.

7. Mr. Einhorn has failed to submit relevant information to the Court which demonstrates that a re-sentencing under Crosby is

appropriate, because Mr. Einhorn failed to notify defendant Thompson that a hearing was scheduled for November 16, 2005 for the purpose of a determination by the Court as to whether it should re-sentence Thompson. Any reasonable attorney would inform the client of an important matter such as a hearing for a determination on whether a defendant should be re-sentenced so any relevant information a defendant such as Thompson may be able to offer counsel could be assessed. Mr. Einhorn did not do so, and it is doubtful that Mr. Einhorn submitted any favorable facts/information to this Court in writing, or verbally at the November 16, 2005 hearing, to demonstrate that a re-sentencing under Crosby is appropriate.

8. It is respectfully submitted that any arguments presented to this Court by Mr. Einhorn regarding whether Thompson should be re-sentenced was nothing more than superficial. This view is amply supported by the simple fact that Mr. Einhorn did not even hint to Thompson that a hearing under Crosby was going to be held by this Court, despite the fact that Thompson has attempted to contact counsel numerous times subsequent to Thompson's receipt of the Second Circuit's June 8, 2005 remand order to learn what would happen next. Indeed, counsel has refused to get on the phone with Thompson, and has failed to respond to Thompson's numerous correspondence.

9. As this Court is aware, Thompson has contacted the Court in writing more than once because of the non-adversarial nature of Mr. Einhorn's representation of Thompson, and the accompanying

lack of communication and meaningful assistance on the part of Mr. Einhorn as demonstrated by, <u>inter alia</u>: (1) Mr. Einhorn's failure to send relevant documents requested by Thompson; and (2) Mr. Einhorn's failure to keep defendant Thompson advised of relevant developments in the case.

10.  Because defendant Thompson will be appealing (it should be noted again that no brief was ever filed by Mr. Einhorn on Thompson's behalf with the Court of Appeals, as such, no issues have been explored on direct appeal yet), because of the breakdown in communication between Mr. Einhorn and defendant Thompson, and because of Mr. Einhorn's lack of an adversarial stance in this matter; new counsel is needed to meaningfully ensure that Thompson's interests are protected as contemplated by the Sixth Amendment guarantee of the right to the effective assistance of counsel.

Accordingly, for the foregoing reasons, and to ensure that Thompson's Sixth Amendment right to the effective assistance of counsel is respected and protected, defendant Thompson respectfully requests that Mr. Einhorn be relieved as counsel for defendant Thompson, and that new counsel be appointed to represent Thompson in his direct appeal, and for any reconsideration of sentencing under <u>Crosby</u> that new counsel may deem appropriate in view of the believed superficial nature of Mr. Einhorn's argument in that regard.

Respectfully submitted,

*Everett C. Thompson*
Everett C. Thompson
Defendant pro se
Reg. No. 14612-014
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was deposited in the legal mailbox at FCI Otisville, postage pre-paid, on this 19th day of December, 2005, addressed to:

> Jonathan J. Einhorn
> Attorney at Law
> 412 Orange Street
> New Haven, CT 06511
>
> H. Gordon Hall
> U.S. Attorney's Office
> 157 Church Street, 23rd Floor
> New Haven, CT 06510

By: *Everett C. Thompson*
Everett C. Thompson