CONNECTICUT (NEW HAVEN)
02-cr-95
NEVAS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of October, two thousand six.

PRESENT:   HON. THOMAS J. MESKILL,
           HON. BARRINGTON D. PARKER,
           HON. REENA RAGGI,

           *Circuit Judges.*

---

United States of America,

           *Appellee*,

v.                                                          SUMMARY ORDER
                                                            No.   04-2936-cr
Everett Craig Thompson, also known as
Teddy,

           *Defendant-Appellant.*

---

For Appellee:            Paul A. Murphy, Assistant United States Attorney, for Kevin J.
                         O'Connor, United States Attorney for the District of Connecticut,
                         New Haven, CT.

For Defendant-Appellant: Jonathan J. Einhorn, New Haven, CT.

**UPON DUE CONSIDERATION of this appeal, it is hereby ORDERED, ADJUDGED, AND DECREED that the case be hereby AFFIRMED.**

1

ISSUED AS MANDATE: 10-30-06

Appellant Everett Craig Thompson appeals from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *J.*). Thompson pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1). He was sentenced principally to 130 months' imprisonment. On appeal, Thompson challenges the reasonableness of his sentence, specifically arguing that: (1) he was improperly sentenced as a criminal offender; (2) he was improperly denied a four-level adjustment for his minimal role in the offense; (3) his criminal history category over-represents the seriousness of his prior convictions; and (4) an incorrectly calculated drug quantity was attributed to him. We assume familiarity with the underlying facts and procedural history.

We review a sentence for reasonableness, which involves consideration not only of the sentence itself, but also of the procedure employed in arriving at the sentence. *See, e.g., United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006). In determining whether a sentence is reasonable, we "consider whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *Id.* at 27 (internal quotation marks omitted)(omission and alteration in original).

We conclude that the sentence was reasonable in light of the factors in 18 U.S.C. § 3553(a). The district court substantially reduced Thompson's offense level and sentenced him to the bottom of the applicable range. Although he had a substantially lesser role in the conspiracy than certain of his co-defendants, because his sentence was driven by his career offender status,

the comparisons of which he complains are not relevant.

Next, Thompson contends he was improperly classified as a career offender because his prior felony drug convictions were related. Under U.S.S.G. § 4B1.1A, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Here, although Thompson's offenses on January 18, 1991 and March 19, 1991 were consolidated for trial and sentencing, they were separated by his arrest for the conduct underlying the first charge. "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2 (cmt. n.3). Accordingly, the district court properly concluded Thompson was a career offender.

Thompson also argues on appeal that he was entitled to a four-level downward adjustment based on what he characterizes as his minimal role in the drug distribution conspiracy. The district court, however, properly concluded that he was not entitled to a role reduction because of his status as a career offender. U.S.S.G. § 4B1.1(b) provides that where "the offense level for a career offender" derived from the table in section 4B1.1 "is greater than the offense level otherwise applicable," the career offense level applies. Since, given his status as a career offender, Level 32 was the lowest offense level applicable, no role adjustment was permissible. In *United States v. Perez*, 328 F.3d 96, 97-98 (2d Cir. 2003), we determined that the career offender level may not be reduced based on a defendant's mitigating role in an offense.

3

Notably, the district court reduced Thompson's offense level by 3 points for acceptance of responsibility and also departed downward 2 points based on Thompson's family circumstances. The district court did not abuse its discretion by not making additional adjustments.

Thompson's next argument is that his criminal history category over-represents the seriousness of his past criminal conduct. This argument fails for two reasons. First, Thompson's career offender status did not place him in a higher criminal category – he was already in category VI based on the 22 criminal history points he had accrued (well above the 13 points required to place a defendant in criminal history category VI). Second, since there is no indication that the district court misunderstood or misconstrued its authority to depart, its decision not to do so is not appealable. *See United States v. Brown*, 98 F.3d 690, 694 (2d Cir. 1996) (there is a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure"); *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is not generally appealable" unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.").

Finally, Thompson's argument that he should not have been held liable for the quantity of drugs for which he was sentenced ignores the fact that his guideline range was ultimately derived not from drug quantity, but from the career offender provisions in U.S.S.G. § 4B1.1.

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: Lucille Carr

A TRUE COPY
Roseann B. MacKechnie, Clerk
by _____
    Deputy Clerk

4