United States District Court
District of Connecticut

| | | |
|---|---|---|
| United States of America | : | |
| vs. | : | No. 3:02CR95 (AHN) |
| Everett Craig "Teddy" Thompson | : | 3:08CV255 (AHN) |

Memorandum of Motion Pro-Se To Support Resentencing In Accordance With 18 U.S.C. §3582(C) and §2255

## BACKGROUND

On March 30th 2004 the Defendant Everett Craig "Teddy" Thompson was sentenced to a term of 130 months based upon his guilty plea to a substitute indictment charging the Defendant with U.S. §846 and §841 (a)(1) with no specified amount. The court sentenced the defendant under the mandatory, Pre-Booker sentencing guidelines.

(1.)

The court held that Mr. Thompson to be responsible for 50 grams or more, in the Government's brief on direct appeal page 9 paragraph 3. The District Court expressed its concern of the limited role of the Defendant so the Government agreed to adopt a conservative approach to reduce the amount attributable to Mr. Thompson. Instead the PSR recommendation of level 36 for an amount of 1.5 kilograms but not less than 500 grams, the court applied an offense level of 32 for an amount of 50 grams or more. That would hold a minimum mandatory of 120 months or 10 years as required by the §2d1.1. The

Defendant has no mandatory minimum sentence. The PSR made an assertion that the Defendant was a career offender, that the Defendant Mr. Thompson had 2 qualifying controlled substances or a crime of violence and a qualifying controlled substance offense. The Government may never take the PSR's assertion that an Defendant is a career offender. The burden is for the Government to prove the burden to the court. With qualifying documents from either the State Court or the Judge's signed disposition from sentencing or sentencing minutes from the proceeding.

## RELEVANT FACTS

Mr. Thompson informed his attorney J. Einhorn that he was not a career offender. He asked Mr. Einhorn to contact Hartford Records Office to obtain the proof of his convictions. The PSR reflects that Mr. Thompson's arrest reports that he was arrested on January 18th 1991, for sale of narcotics, and again on March 19, 1991, for two counts of sale of narcotics. These pertinent arrest were claimed to have been Mr. Everett Thompson's DOB 2-1-70, height 6"5 weight 245 pounds, brown eyes, black hair. The federal computer out of Clarksburg West Virginia, of the Criminal Justice Service Division, reflects as described in exhibit-1 in the following copy of the Defendants record.

Everett Craig "Teddy" Thompson D.O.B. 2-1-70 height 6"3 weight 172 eyes blue, hair brown. The F.B.I.'s computer shows an arrest for Terrance Thompson with two charges on May 20th 1991 possession and possession with intent. Neither of those arrest pertain to the Defendant and reflects why charging documents are not permissible for PSR's assumption under U.S. VS Bonat, 106 F.3d at 1476-78 Mr. Thompson's PSR's report is insufficient because all it does is recite facts from charging documents not recognized.

see U.S. vs Rogers, 126 F.3d 655 (5th Cir. 1997) the procedure of career offender enhancement has been violated. For the Government and the District Court to conclude and agree the PSR shows the appellant to be a career offender, must rely on U.S. vs Taylor, 495 U.S. 575, 110 S.Ct. 2143, 109 L. Ed 2d 607 (1990) U.S. vs Spell, 44 F. 3d 937 judgement could be the only conclusive proof. Charging papers alone are not sufficient, U.S. vs Sweeten, 933 F.2d 765,767,769,770. When the presentence report itself does not contain the necessary information under the categorical approach, it cannot constitute sufficient evidence. The Supreme Court in Taylor have foreclosed any approach that considers the showing of priors through charging documents, police reports.

(2)

In the case at hand the Government relied on the PSR assertion through New Haven police reports that the Defendant Mr. Thompson qualified as a career offender. On January 7th, 2003 the Defendant plead guilty to a one count information charging him with conspiracy to possess with the intent to distribute cocaine base, in violation of U.S.C. §§846 and 841(a) (1). After reviewing the first PSR the Defendant objected to the probation's assertion that he was a career offender, and that he was not attributable to the amount of grams claimed in the PSR. At sentencing the judge asked Defendant Mr. Thompson was there anything in the PSR report he objected to and Defendant said ("There are a few things I object to.") At that time the Defendant's attorney Jonathan Einhorn asked the court to recognize that Mr. Thompson was not classified correctly due to the fact that the Government adopted the PSR assertion that the Defendant's priors were in fact his and that an intervening arrest occurred, which under Almendarez-Torres/Apprendi

exception for prior convictions based upon by sources of information with conclusive significance of prior judicial record and does not allow sentencing courts to look into facts behind Defendant's prior convictions in order to determine whether they are related or constitute parts of single criminal scheme, U.S. vs Tek NGO (2005, Ca7 Wis) 406 F3d 839. Review of Defendant's sentencing hearing states to the court to calculate the 4 cases as one thus calculating 3 points instead of 12 points. The court asked for some basis (page 6, of sentencing transcripts paragraph 22-23). The PSR and the Government's brief on direct appeal cites unqualified documents as cited in U.S. vs Taylor, 495 U.S. 575, 110 S.Ct. 2143, 109L. Ed 2d 607 (1990) U.S. vs Spell, 44 F.3d 937 judgement can be the only conclusive proof. Charging papers alone are not sufficient.

The Government filed an amend motion in conjunction to the probations assertion that Mr. Thompson is ineligible as he is a career offender. That claim is without merit as the pertinent burden of proof standard has not bee met, as in U.S. vs Shepard, 125 S,Ct. 1254 (2005)

The Government will argue that U.S.S.G. §1B1.10 bars any reduction of Mr. Thompson's sentence beyond two points. Ferrara vs United States, 384 F. Supp 2d 384, 409 )D.Mass 2005) (explaining that when resentencing a Defendant in a §2255 Proceeding, the District Court, per Booker, must consider the Guidelines as advisory. The PSR assertion and calculation VI and base offense level 32. The court adopted an approach that reduced the amount attributable to the Defendant, which reduced him from base offense level 36 to 32 than applied the 3-point reduction for acceptance and further departed 2 more levels for extreme family circumstances. In order to reduce the

amount from 36 to 32 base upon an amount the court had to use the 2D1.1 U.S.S.G. The probation is going off the record based upon meritless facts. The PSR application of the U.S.S.G. Chapter 5 is without merit and the court should consider the exhibits the Defendant has supplied for factual proof arrest never occurred. The provisions of §4B1.1 apply only if "the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level was greater than the career offender level. Mr. Thompson had to be sentenced to the drug table and not the career offender table to get the level he ended at. The PSR had him careered at category VI and offense level 32. The new 2D1.1 offense level for 32 has been reduced to level 30 which would apply to the Defendant sentenced to 50 grams or more.

## FACTS 2.

Upon showing the court proof of arrest that never occurred through exhibits 1-2-3 via forms from federal justice information showing another name other than Defendant's,(Terrance Thompson D.O.B. 1/17/71) as well information from the Hartford Department of Corrections headquarters RT-60 form which shows a Defendant's arrest and sentencing and movements. The pertaining arrests the Government claim occurred on January 18, 1991 for sale of narcotics and the second arrest on March 19, 1991 DA 41-42.

Exhibit-2-3 reflects arresting dates of the Defendant Everett Craig Thompson, from Central Records warehouse RT-60 form, that upon further review of the pertaining arresting dates the Defendant could not have been calculated to be career offender because the PSR assertion holds no factual truth that those convictions occurred. Exhibit-3 reflects that Defendant Everett Thompson was released to community residence on January 31, 1990 to

5

parole officer Mr. Bellmore and discharged on April 16, 1991 according to exhibit 3. Therefore January 18, 1991 arrest could have not occurred. December 27, 1991 the Defendant was arrested and admitted to Union Ave Detention for continuation. From that date on to June 23, 1993 he was incarcerated. Pertinent forms show movement and transfers that reflect dates admitted, and released to parole. In the case at bar, the Government wants to show how the Defendant's offenses were separated by an intervening arrest through police reports. U.S. vs Mathews, 240 F.3d 809 (2002). (Court lacked documentary evidence to find prior convictions proved). Shepard vs U.S. 125 S.G. 1254 (2005) (Courts may not rely upon underlying reports or complaints to determine prior convictions or identity.) Even under the preponderance of the evidence standard the Government's initial burden is to prove the existence of a valid prior conviction U.S. vs Torres, 81 F.3d 900.

A. Section 1B1.10 Is Merely Advisory

This provision like all guideline provisions is advisory only and cannot be construed as binding on the court. While Booker may not be retroactively applied to cases not on appeal, its reasoning applies to the imposition of a new sentence under §3582 (C).

### As The Hicks Court Explained:

Booker Explicitly stated that, "As by now should be clear [a] mandatory system is no longer an open choice" Booker stressed that this was not an option: We repeat, given today's Constitutional holding, [a mandatory guideline regime] is not a choice that remains open.
United States vs Hicks, 472 F.3d 1167, 1169 (Booker applies to §3582 (c) (2) proceedings. see United States vs Polanco, 2008 WL 144825 at *2 (S.D.N.Y. 2008) "It would be, to say no more, ironic if relief available to a

Defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based in non-jury findings and unwise because the guidelines under which he was sentenced was excessively severe, can be limited by still-mandatory guideline. see United States vs Martin, F.3d 2008 WL 748104 (1st Cir March 21,2008) (Courts have broad discretion to sentence below career offender guidelines under Gall and Kimbrough); United States vs Sanchez, F.3d 2008 WL 553517**9-1) (2d Cir Feb 29,2008) (Section 994 (h) is a directive to the commission, not the courts); United States vs Marshall, slip op., 2008 WL 55989**7-8 (7th Cir January 4, 2008) (We must reexamine our case law [holding] that courts are not authorized to find that the guidelines themselves, or the statutes on which they are based, are unreasonable ... in light of the Supreme Court's recent decision in Kimbrough.

In conclusion the Defendant would request to the court to grant the two point reduction in accordance to the Government's motion. The Defendant's timely filing of his U.S. 28 §2255 shows just cause of why the 2 point reduction shall apply. The probation office recommendation that the Defendant is a career offender is without merit. Therefore the Defendant Everett Thompson points should be recalculated upon proof of violation of 6th Amendment Right. The court can deem just cause that the probation's assertion is invalid according to exhibits 1-3 and U.S. vs Taylor, 125, S.Ct 1254 (2005).

At a minimum, the court should reduce Mr. Thompson's offense level by two points, recalculate his guideline range in light of Kimbrough, and Gall, to 105 months with respect to the Government's first motion granting the 2 point reduction. (Courts have broad discretion to resentence below career

offender guidelines under <u>Kimbrough</u> and <u>Gall</u>) <u>U.S. vs Sanchez, F.3d 2008 WL553517\*\*9-11 (2d Cir Feb 29, 2008)</u> (Section 994(h) is a directive to the commission, not the courts): <u>Kimbrough's</u> holding allowed disagreement with the career offender provisions.

Career offender provisions themselves were not based upon empirical evidence (a claim supported by a 2004 sentencing commission report). <u>see Kimbrough vs United States,</u> 128 S.Ct. 558,566-69 (2007) (Citing **numerous commission reports**).

A. <u>Treating Amended 1B1.10 and 2d1.1 As Mandatory Violates Booker</u> even if the Crack Amendment did resolve the §3553(a) problems with the Crack Guideline (Which it clearly did not) revised §1B1.10 would still violate <u>Booker</u> insofar as it renders any part of the guidelines mandatory. <u>Booker</u> made clear that the right to have a jury find facts that are essential to the punishment "is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the Defendant. Thus requiring a court to impose a new sentence based on facts that were initially found in violation of the Sixth Amendment would import that the Sixth Amendment violation into the new sentence.

<u>CONCLUSION II:</u> The Defendant ask the Court to respectfully resentence the Defendant to a term of 103 months.

                                      Respectfully submitted;

                                      */s/ Everett Craig Teddy Thompson*
                                      Everett Craig "Teddy" Thompson
                                      14612-014
                                      FCI - Otisville
                                      PO BOX - 1000
                                      Otisville, NY 10963

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2008, I caused a copy of the foregoing notice to be sent by First Class Mail, to the following:

H. Gordon Hall
A.U.S.A.
157 Church Street
New Haven, Conn. 06510

Warren Maxwell
Deputy Chief United States Probation Officer
U.S.P.O.
157 Church Street
New Haven, Conn. 06510

Clerks Office of The Court
C/O
Honorable Alan H. Nevas
915 Lafayette Blvd.
Bridgeport, Conn. 06604

```
                    UNITED STATES DEPARTMENT OF JUSTICE
                       FEDERAL BUREAU OF INVESTIGATION
                    CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
                             CLARKSBURG, WV  26306


NY035017C                                          ICN IFCS0004000033957791



BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                        - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

                              ****NOTICE****
                         SUBJECT OF RECORD IS WANTED
                    SEE END OF RECORD FOR MORE INFORMATION

NAME                                  FBI NO.         DATE REQUESTED
THOMPSON,EVERETT CRAIG                539171KA7       2004/05/10

SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR   BIRTH PLACE
M     B      1970/02/01   603      172      BLU    BRO    CONNECTICUT

FINGERPRINT CLASS    PATTERN CLASS                  CITIZENSHIP
23 15 09 12 14       RS RS RS RS RS WU LS LS LS     UNITED STATES
DI 13 10 12 14                   WU            WU

1-ARRESTED OR RECEIVED 1989/03/06   SID- CT00479117
    AGENCY-POLICE DEPARTMENT NEW HAVEN (CT0009300)
       AGENCY CASE-25519
       CHARGE 1-LARCENY 6TH
       CHARGE 2-LARCENY 2ND

2-ARRESTED OR RECEIVED 1991/05/20   SID- CT00479117
    AGENCY-POLICE DEPARTMENT NEW HAVEN (CT0009300)
       AGENCY CASE-42319  NAME USED-THOMPSON,TERRANCE
       CHARGE 1-POSS NARC
       CHARGE 2-POSS NARC WITS

3-ARRESTED OR RECEIVED 2002/03/24
    AGENCY-DEA-RESIDENT OFF NEW HAVEN (CTDEA0300)
       NAME USED-THOMPSON,EVERETT CRAIG TEDDY
       CHARGE 1-21 USC 846 CONSPIRACY TO POSSESS W/INTENT TO DISTRIBUTE
              COCAINE

4-ARRESTED OR RECEIVED 2002/03/24A
    AGENCY-USM NEW HAVEN (CTUSM0100)
       AGENCY CASE-14612014
       CHARGE 1-21 USC 846 CONSPIRACY TO POSSESS W/INTENT TO DISTRIBUTE
              COCAINE


                              EXHIBIT-1
END OF PART 1 - PART 2 TO FOLLOW
```

```
Page: 1 Document Name: untitled

MOVEMENTS         NUMBER:   146424      NAME: THOMPSON,EVERETT CRAIG       PAGE   1
FILE:  CEN.REC.WRHSE                    MED FILE: BRIDGEPORT CCC
                                      DATE     SEQ    LOCATION         JUR STA
DISCHARGE TO FEDERAL AUTHORITIES    7/12/2002 1  900 DISCHARGE         900  X
READMISSION, FROM FEDERAL AUTHORITIES 3/25/2002 1 122 NEW HAVEN CCC    5FM  X
DISCHARGE FROM PAROLE, END OF SENTENCE 12/12/1995 1 910 D/CHG ALL SNT  910  G
RELEASE TO SUPERVISED PAROLE        10/05/1995 1  4NB PO2-GRIFFIN      4P2  G
RETURN FROM PAROLE WITH CHARGES      9/28/1995 1  123 BRIDGEPORT CC    123  G
RELEASE TO SUPERVISED PAROLE         3/02/1995 1  4NB PO2-GRIFFIN      4P2  G
TRANSFER AMONG DOC LOCATIONS         9/12/1994 1  135 GATES CCI        135  G
TECHNICAL VIOL OF HOME SUP RELEASE   8/25/1994 1  122 NEW HAVEN CCC    122  G
RELEASE TO COMMUNITY RESIDENCE       6/23/1993 1  3NI CS2-BELLMORE     302  G
TRANSFER AMONG DOC LOCATIONS         5/11/1993 1  116 ROBINSON CI      116  G
TRANSFER AMONG DOC LOCATIONS         4/22/1993 1  114 MCDGL/WLKR CI    114  G
START SERVING SENTENCE (1+)          4/16/1993 1  124 CORR/RAD CC      124  G   SENTENCING DATE
TRANSFER AMONG DOC LOCATIONS         2/22/1993 1  124 CORR/RAD CC      124  U
TRANSFER AMONG DOC LOCATIONS         1/25/1993 1  122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS        11/20/1992 1  124 CORR/RAD CC      124  U
TRANSFER AMONG DOC LOCATIONS        11/18/1992 1  122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS         5/29/1992 1  124 CORR/RAD CC      124  U

CWVF  7/06/2007    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER:  00146424                    ENTER FOR NEXT PAGE
```

THE GOVERNMENT STATED IN THEIR BRIEF ON PAGE 21 A. RELEVANT FACTS THE PSR I HAD AN INTERVENING ARREST ON MARCH 19, 1991. I NEVER HAD AN ARREST ON THAT DATE IF YOU REVIEW THE ARREST RECORD OF EVERETT THOMPSON FROM THE DEPARTMENT OF CORRECTIONS ENCLOSED.

EXHIBIT-2

```
MOVEMENTS        NUMBER:    146424     NAME: THOMPSON,EVERETT CRAIG    PAGE   2
FILE: CEN.REC.WRHSE                    MED FILE: BRIDGEPORT CCC
                                          DATE    SEQ   LOCATION           JUR STA
TRANSFER AMONG DOC LOCATIONS            5/28/1992  1   131 UNION AVE DC    131  U
TRANSFER AMONG DOC LOCATIONS            2/14/1992  1   124 CORR/RAD CC     124  U
TRANSFER AMONG DOC LOCATIONS            1/06/1992  1   122 NEW HAVEN CCC   122  U
READMISSION, B/O AND CONTINUED         12/27/1991  1   131 UNION AVE DC    131  U   NEVERMADE
DISCHARGE FROM CMTY RESIDENCE           4/16/1991  1   900 DISCHARGE       900  G   BOND
RELEASE TO COMMUNITY RESIDENCE          1/31/1990  1   3NI CS2-BELLMORE    302  G
TRANSFER AMONG DOC LOCATIONS            1/18/1990  1   135 GATES CCI       135  G
SENTENCED BY COURT                      1/12/1990  1   122 NEW HAVEN CCC   122  G
TRANSFER AMONG DOC LOCATIONS           12/14/1989  1   122 NEW HAVEN CCC   122  G
RETURN FROM SHR WITH CHARGES           12/12/1989  2   131 UNION AVE DC    131  G
RETURN FROM SHR WITH CHARGES           12/12/1989  1   131 UNION AVE DC    131  G
RELEASE TO COMMUNITY RESIDENCE          9/26/1989  1   3NG CS2-TAYLOR      302  G
TRANSFER AMONG DOC LOCATIONS            7/05/1989  1   111 J.R.MANSON YI   111  G
READMISSION W/ SENTENCE GT 1 YEAR       6/23/1989  2   123 BRIDGEPORT CC   123  G
DISCHARGED, DID NOT RETURN FROM COURT   6/23/1989  1   900 DISCHARGE       900  U
TRANSFER AMONG DOC LOCATIONS            6/20/1989  1   122 NEW HAVEN CCC   122  U
READMISSION, CONTINUED                  6/13/1989  1   131 UNION AVE DC    131  U

CWVF  7/06/2007    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:  00146424                        ENTER FOR NEXT PAGE
```

EXHIBIT 3

Date: 7/6/2007 Time: 2:59:18 PM